# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COREY DION McCARROLL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 05-250-JHP-KEW |
| ) | |
| JUSTIN JONES, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On April 6, 2007, the court entered an order directing petitioner to advise the court whether he intended to (1) dismiss this action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss his unexhausted claims and continue with his exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies. [Docket #21]. The court also denied petitioner's motion to stay the proceedings [Docket #15], so he could return to the state courts to exhaust his claims through post-conviction proceedings. Instead of following the court's directions, petitioner filed a Motion to Alter or Amend a Judgment [Docket #22], again asking for a stay in the proceedings, so he can exhaust his state court remedies.

Petitioner raised one ground for habeas corpus relief in his petition, that the Oklahoma Court of Criminal Appeals committed fundamental error in modifying his sentence in Counts 1 and 3, rather than dismissing the counts. [Docket #1 at 5]. Petitioner admits in his petition that he has not presented the issue of the constitutionality of his sentence modification in the state courts, because he "saw it fit to appeal in this court." [Docket #1 at 6].

The record shows that petitioner entered guilty pleas to four counts in Carter County District Court Case No. CF-2002-260, with no agreement about sentencing. *McCarroll v. State*, No. C-2004-69, slip op. at 1-2 (Okla. Crim. App. Jan. 19, 2005). Counts 1 and 3 both were for Unlawful Distribution of CDS within 2000 Feet of a Day Care Center, After Former Conviction of Two Drug Felonies. *Id.*, slip op. at 1. He was sentenced to consecutive terms of 20 years' imprisonment with a $2,000.00 fine on both Counts 1 and 3. *Id.*, slip op. at 1-2.

Petitioner then sent a letter to the trial judge asking to change his plea, claiming his trial counsel was ineffective, and he was factually innocent of selling a controlled dangerous drug. *Id.* at 2. A hearing was held on petitioner's request to withdraw his plea, and the request was denied. *Id.* He next filed a certiorari appeal raising four claims: (1) the evidence was insufficient for Counts 1 and 3; (2) his guilty pleas were not knowing, intelligent, and voluntary; (3) his consecutive sentences were excessive; and (4) his attorney was ineffective. *Id.*, slip op. at 2-3.

The OCCA found in its certiorari review that the crime of Unlawful Distribution of CDS within 2000 Feet of a Day Care Center, Okla. Stat. tit. 63, § 2-401(F), did not exist at the time petitioner committed the offenses. *Id.*, slip op. at 3. The crime of Unlawful Distribution of a Controlled Dangerous Substance, however, did exist at the time, *see* Okla. Stat. tit. 63, § 2-401(A), and was supported by the factual basis given by petitioner. *Id.* That lesser crime differed "only in the absence of the 'within 2,000 feet of a day care' element." *Id.* Therefore, petitioner's convictions for Counts 1 and 3 were modified to reflect the crime of Unlawful Distribution of a Controlled Dangerous Substance (cocaine base), After Former Conviction of Two or More Drug Felonies, and his sentences were modified to consecutive 15-year sentences for each count. *Id.*

The respondent has filed a motion to dismiss this habeas petition for petitioner's failure to respond as directed and for filing a mixed petition [Docket #23]. Petitioner claims in his response to the motion [Docket #25] that he has requested dismissal of his Motion for Supplemental Expansion of the Record [Docket #12] and his Motion for a Clarification of the Facts [Docket #13], so he somehow has complied with the court's directions. The court has reviewed Docket #12 and Docket #13 and fails to see how striking these documents, which concern the informant's credibility and the search warrant, would comply with the court's order, because his claim regarding his sentence modification still is unexhausted.

The court also has reviewed the docket for Carter County District Court Case No. CF-2002-260, which is the subject of this habeas corpus petition. According to the Oklahoma District Court Records at http://www.odcr.com, petitioner has filed no post-conviction action in his criminal case. Therefore, he has made no effort to exhaust his state court remedies since filing this habeas corpus action, and he has failed to show good cause for his failure to exhaust his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991)."[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). This court, therefore, must dismiss petitioner's petition for failure to exhaust all state court remedies.

**ACCORDINGLY,** petitioner's Motion to Alter or Amend a Judgment [Docket #22]

is DENIED.  The respondent's Motion to Dismiss [Docket #23] is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE in its entirety.  All other motions are DENIED as moot.

**IT IS SO ORDERED** this 5th day of March 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma